STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM J. PARKS, PLAINTIFF IN ERROR.

Argued October 6, 1936—Decided January 30, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the defendant in error, *T. Raymond Bazley,* prosecutor; and *Charles Frankel,* assistant prosecutor.

For the plaintiff in error, *Joseph F. Mattice.*

PER CURIAM.

The defendant below is a practicing physician of this state. He was indicted for and convicted of committing an abortion upon a pregnant woman. The review is before us on strict writ of error and also under the one hundred and thirty-sixth section of the Criminal Procedure act. Nine points were presented wherein, as is alleged, the trial court erred.

It is first said that the trial court erred in refusing to allow the defendant his right to open his defense to the jury and that the court further erred in allowing the prosecutor to comment upon the defendant's failure to open and in the court's own comment on the defendant's failure to open. Chapter 288, *Pamph. L.* 1935, provides that in the trial of criminal causes the defendant or his counsel shall open his case to the jury immediately after the opening by the state and that should

the defendant or his counsel elect not to make an opening statement at such time he shall not thereafter be permitted to make any opening statement to the jury. The statute further provides that the prosecutor of the Pleas may in his closing statement to the jury comment on the failure of the defendant or his counsel to make such opening statement and that the judge of the court in his charge to the jury may likewise comment upon the failure of the defendant or his counsel to make such opening statement. The record discloses that defendant's counsel, though given an opportunity so to do, did not open to the jury at the close of the state's opening, but on the contrary observed that he would not waive his right to open but would press his right to open at the close of the state's case. It was at once made clear by the court that that procedure would not be countenanced. The later remarks by the prosecuting attorney in closing and by the court in its charge were fully within the privilege of the statute in such an instance. While the state's case was in progress the prosecutor moved to amend the date of the offense as nominated in the indictment from the 29th day of February to the 28th day of February, and the court granted the motion. No request for an opening by the defendant was then made. Five state's witnesses were thereafter examined and cross-examined. At the close of the state's case defendant's counsel undertook, as at the beginning of the trial he had wrongfully expressed his intention so to do, to open for the defense and was denied that privilege by the court. We find no error in the court's ruling.

It is next complained that the court improperly permitted one of the state's medical witnesses to answer the question, "what did Maude Pfleger say to you?" It is enough to observe that the answer actually given to that question was not responsive and was not harmful. After an interval wherein several other questions had been asked the gist of the question was repeated in another form, was not objected to and was answered.

It is further said that the court erred in denying defendant's motion for a direction of verdict for acquittal at the close of the state's case and at the close of the entire case. Without undertaking to review the evidence, we express our

opinion that there was clearly a case for the jury and that the court consequently did not err in its rulings thereon.

The fourth point is that the trial judge erred in denying a motion for a mistrial after the prosecutor had asked that a defendant's witness be arrested for perjury and the court had ordered such arrest. The court had not ordered an arrest. The court's direction was simply that the witness was to remain in the court room until the recess. We find no abuse of discretion in the court's refusal to order a mistrial in that situation.

It is further alleged that the trial judge erred in not over-ruling a question asked by the prosecutor of the defendant as to the latter's reputation. However improper the question, the answer by the defendant was that he did not know what his reputation was; and there the incident ended. We find that no harm came to the defendant therefrom.

Sixthly it is said that the trial court erred in charging the jury on the state's burden of proof. The court charged the jury:

"The state is charged with the duty in this case of prov-ing that the defendant is guilty beyond a reasonable doubt. This defendant, the same as any other defendant in any other criminal case, is presumed to be innocent unless the state proves beyond a reasonable doubt that he is guilty. What do we mean by reasonable doubt? I will give you the definition that has been laid down by the highest court in this state. It is a term which is difficult to define; however, it is easily understood. The state is charged with the duty of proving beyond a reasonable doubt that the defendant is guilty. Here is the definition of the term 'reasonable doubt:' 'It is not a mere possible doubt, because everything relating to human affairs and depending on moral evidence is open to some pos-sible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evi-dence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the turth of the charge. The evidence must establish the truth of the fact to a moral certainty, and satis-fies the reason and judgment of those who are bound to act

conscientiously upon it.' But if, after carefully considering the evidence, giving the accused the benefit of reasonable doubt, you are led to the conclusion that he is guilty, you should so declare by your verdict."

We find no fault in that charge. The sentence to which the appellant calls attention is to be read and understood in the light of the very full charge which we have just quoted. It is not contradictory thereof and could have caused, we think, no confusion in the minds of the jury. The same observation applies to the appellant's ninth point.

Under point 7 appellant complains that the trial judge erred in thus charging the jury: "If the jury finds a witness lying as to a material fact, they may, if they see fit, disregard the entire testimony of that witness and hold it as valueless." The primary definition of the verb "lie" as given in Webster's New International Dictionary is "to utter falsehood with intention to deceive." Given that interpretation we find no error in the charge, particularly when coupled with the earlier language charged by the court on the same subject as follows:

"There is one other principle of law to which I would like to call your attention. That is that if you ladies and gentlemen of the jury believe that a witness knowingly and willfully testified falsely as to any material fact in the case, you have the right to disregard any other testimony that that person may give, or give such weight to that testimony as you think it is entitled to. You had an opportunity of observing the witnesses."

The question presented under the eighth point is answered by our disposition of the point just considered.

We find no reversible error. The judgment below will be affirmed.